Matthias, J.
The only question presented by the demurrer to the amended petition of plaintiff is stated by counsel for plaintiff to be: “Can the wife of a member of a board of education be legally employed by such board to teach school, and draw public funds as compensation?”
The contract of employment as teacher in the schools of Zaleski village school district was duly entered into by Jenola McKibben and the board of education of that district as to manner and form in full compliance with the provisions of the statutes having reference thereto. The rights of a married woman in this state have been extended by express provisions of our laws, and she now has the full power to contract, and the unlimited right to have and enjoy the benefits of her contracts and the fruits of her employment. These modem statutes relating to the property rights of married women are generally intended to cut off the common-law rights of the husband to the personal estate of the wife. They have been construed to constitute as her separate estate a separate business or trade which she may carry on, and all the property incident thereto. Under the provisions referred to, the earnings of a married woman, or property acquired by her labor, constitute her separate property, and no part thereof or interest therein can in any wise be claimed by the husband as against her. 13 Ruling Case Law, 1149, Section 173.
If the power to contract in her own right, or the enjoyment of the fruits of her employment, is to be denied or limited, such denial or abridgment thereof must be found in some express provision of *485 the legislation of the state. It cannot be imposed by action of the court.
It is claimed that this contract is rendered invalid by the provisions of Section 12932, General Code, which are as follows: “Whoever, being a local director or member of a board of education, votes, for or participates in the making of a contract with a person as a teacher or instructor in a public school to whom he or she is related as father or brother, mother or sister, or acts in a matter in which he or she is pecuniarily interested, shall be fined not less than twenty-five dollars nor more than five hundred dollars or imprisoned not more than six' months, or both.” And, also, Section 4757, General Code, which, so far as pertinent, reads: “No member of the board shall have directly or indirectly any pecuniary interest in any contract of the board or be employed in any manner for compensation by the board of which he is a member except as clerk or treasurer.”
In the contract of employment involved in this case there is not alleged or claimed any interest of a member of the board of education therein save and except that which may arise from the relationship as husband and wife between the person employed and one of the members of the board. The maxim, expressio unius est exclusio alterius, embodies a familiar principle of statutory construction which has application here. Where a statute defining an offense designates one class of persons as subject to its penalties, all other persons are deemed to be exempted therefrom. Sutherland on Statutory Construction, Section 493.
It may be argued that the same reason which actuated the imposition of the restrictions imposed by *486 the provisions of Section 12932, General Code, would require that such restrictions be extended so as to include also the relation of husband and wife. The only answer that need be made to this argument is that the legislature did not so provide, and the argument that is now being addressed to this court should be addressed to the lawmaking branch of the state. The principle of statutory construction applicable to this case has been frequently enunciated. It is not the province of the court to legislate, either directly, or by extending the language employed by the legislature; the court is authorized only to interpret and apply the provisions enacted by the legislature, and where the language of such provision is clear and free from ambiguity there is nothing to interpret or construe. Slingluff v. Weaver, 66 Ohio St., 621, and Scheu v. State, 83 Ohio St., 146.
For the reasons assigned the judgment of the court of appeals is reversed and that of the common pleas affirmed.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.